**JACOB v. STEPHENSON. (No. 6995.)**

(Court of Civil Appeals of Texas. San Antonio. Oct. 10, 1923. Rehearing Denied Oct. 31, 1923.)

1. **Trial** ⚬═260(1)—**Denial of instruction covered by another given not error.**

Denial of an instruction covered by another given is not error.

2. **Mines and minerals** ⚬═78(1)—**"Reasonable diligence" as used in lease defined.**

An instruction defining "reasonable diligence" as used in an oil and gas lease, as "that degree of diligence which would be exercised by a person of ordinary prudence and foresight, and possessed of ordinary skill and ability in performance of the work usually or ordinarily incident to an operation of the character in question, under the same or similar circumstances," *held* correct.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Reasonable Diligence.]

⚬═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action between Bartholomew Jacob, trustee, and W. M. Stephenson. From judgment for the latter, the former appeals. Affirmed.

Clamp, Searcy & Groesbeeck, of San Antonio, for appellant.

Kennon & Kennon, of San Antonio, for appellee.

SMITH, J. The sole question presented in the appeal involves the correct definition of the term "reasonable diligence," as used in an oil and gas lease, in which the lessee, appellee here, is required to use such diligence in prosecuting the drilling of oil and gas wells on appellant's land. Appellant's sole complaint seems to be embraced in two propositions, the first of which is that—

"The Court of Civil Appeals of Texas at Amarillo, having defined the term 'due diligence' as used in an oil lease almost identical with the lease involved in this suit, and plaintiff having in due time and proper manner requested that the court submit said definition of due diligence to the jury in this case, it was error for the court to refuse said request and give the definition that he did."

The second proposition is but an elaboration of the first. In both propositions the complaint is not that the requested instruction correctly presented the law of this case, or that the instruction actually given erroneously presented the law, but that the court refused in this case to charge the law in the language of an opinion of the Amarillo Court of Civil Appeals in another case, decided by that court. Taylor Syndicate v. James, 243 S. W. 1105. As a matter of fact, the appeal does not present any concrete question of law for decision here, and on that account appellant's propositions could very well be disregarded.

[1, 2] However, we have considered the charge requested by appellant and refused, and the charge actually given, and have concluded that the charge actually given was a correct presentation of the law upon the subject covered by the requested charge, as applied to this cause. This being true, the refusal of the requested charge did not constitute error, even if that charge correctly presented the law, which we need not decide. The charge actually given was as follows:

"In connection with the foregoing issues submitted, you are instructed that the term 'reasonable diligence,' as used in contracts such as this, is meant that degree of diligence which would be exercised by a person of ordinary prudence and foresight and possessed of ordinary skill and ability in the performance of the work usually or necessarily incident to an operation of the character in question, under the same or similar conditions."

The judgment is affirmed.

## MEMORANDUM DECISIONS

Mrs. Dan C. DAVIS v. STATE. (No. 7232.) (Court of Criminal Appeals of Texas. May 2, 1923.) Rehearing Denied Oct. 17, 1923.) Appeal from Criminal District Court, Tarrant County; George E. Hosey, Judge. W. E. Myres and J. M. Mothershead, both of Fort Worth, for appellant. R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the Criminal District Court of Tarrant county of forgery, and her punishment fixed at two years in the penitentiary.

The record is before us without a single bill of exceptions. The indictment seems to be in regular form, and the charge of the court correctly presents the law of the case. The testimony for the state discloses beyond question that appellant passed the check in question and that it was a forgery. The check purported to be signed by "Dr. B. A. Swinney by Mrs. Swinney." Dr. Swinney testified that he was a single man and had never given to the appellant any authority to sign his name to this or any other check. Appellant took the witness stand in her own behalf and testified that she was well acquainted with Dr. Swinney and that prior to the time the check was given she was engaged to him. She went into details of her further association with him after she married a man named Davis, and in the development of her testimony claims that she was authorized by Dr. Swinney to write these checks. All these matters seem to have been submitted to the jury in such satisfactory manner as that no exceptions were reserved to the charge of the trial court. The conflicts in the testimony have been resolved by the jury. Their verdict finds support.

Finding no error in the record, an affirmance is ordered.